Baldwin, /.
delivered the opinion of the Court.
It seems to the Court that the agreement between Joshua Lowe and Wilson Lowe in the bill of exceptions mentioned, is not to be treated as a lease from the former to the latter, rendering rent in kind, inasmuch as the reservation of the one half of the crop was not incident to the reversion, and consequently gave no right of distress. But that it is to be regarded as a contract between the parties thereto, by which, with the license of Zadoc Lowe, the owner of the land, given for both a good and a valuable consideration, they became, for the period of a year, associated in the tillage thereof, *213 and the effect of which was to constitute them joint tenants of the crop of corn thereby raised. It was not competent for Zadoc Lowe, daring the year, to revoke the license thus given by him, nor for Wilson Lowe to defeat the interest so acquired by Joshua Lowe, by obtaining a conveyance of the fee to himself and Sarah Lowe from Zadoc Lowe. The subsequent conveyance of the premises from Wilson and Sarah Lowe to Miller had the effect, in regard to the crop, by placing the latter in the shoes of Wilson Lowe, of making him tenant in common with Joshua Lowe.
It seems further to the Court, that the appropriation by Miller of the whole of the crop of corn to his own use, against the consent of Joshua Lowe, was a violation of the rights of the latter, for which he was entitled to redress; and, without deciding whether, under these circumstances, a special action on the case is a proper remedy, it seems clear to the Court that he may maintain trover; which action lies for one tenant in common of a personal chattel against his cotenant for a destruction or sale thereof by the latter, and consequently, for the appropriation thereof to his exclusive use, where, as in the present case, the property is of such a nature as to be necessarily destroyed by the use thereof by himself or others claiming under him.
It seems, therefore, to the Court, that the Circuit Court erred in instructing the jury, that if they should believe from the evidence that the defendant in the action purchased the crop of corn from Wilson and Sarah Lowe for a bona fide consideration, the plaintiff in the action could not recover therein.
It is therefore considered by the Court, that the judgment of the Circuit Court is erroneous, and that the same be reversed and annulled, and that the plaintiff in error recover against- the defendant in error his costs expended in the prosecution of his writ of error and supersedeas here. And it is further considered, that the *214 verdict of the jurors be set aside, and the cause manded to the Circuit Court for a new trial of the issue between the parties, on which new trial the instructions given to the jury on the former trial are not to be peated.